## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH L. NASH, #1947991, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:16-CV-1191-B-BK |
| | § | |
| FELICIA PITRE, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of mandamus was automatically referred to the United States Magistrate Judge. The Court granted Petitioner's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.[1] For the reasons that follow, it is recommended that the petition be summarily **DISMISSED**.

Petitioner requests mandamus relief to compel the Dallas County District Court Clerk, Felicia Pitre, to provide him a copy of "all documents and trial record" in his state criminal case, *State v. Nash*, No. F12-54141 (7th Jud. Dist. Ct.). Doc. 3 at 1. Petitioner asserts that he is indigent and that the record is necessary for him to research and prepare a habeas corpus application challenging his 2014 conviction. However, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-1276 (5th Cir. 1973).

---

[1] The filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a petition for *writ of mandamus* stemming from a state criminal proceeding such as the one at issue in this case. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose from state post-conviction application was not subject to fee payment requirements of section 1915).

Accordingly, Petitioner's request for mandamus relief lacks merit and should be

**DISMISSED WITH PREJUDICE** as frivolous.  *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th

Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal

courts lack the power to mandamus state officials in the performance of their duties); 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b) (providing for *sua sponte* dismissal when an action is

frivolous or malicious, or fails to state a claim upon which relief may be granted).

In his petition for writ of mandamus, Petitioner also asserts that the denial of records is

tantamount to a denial of habeas corpus relief, which violates his Fourteenth Amendment rights.

Doc. 3 at 2.  However, online records confirm Petitioner has yet to seek habeas relief in either

the state or federal court.[2]  Moreover, it is well established that a petitioner is not entitled to a

free copy of the trial transcripts to prepare a federal habeas petition.  *See Bonner v. Henderson*,

517 F.2d 135, 136 (5th Cir. 1975) (habeas petitioner was not entitled to a free copy of his

transcript and record to search for possible trial defects merely because he is an indigent); *Smith*

*v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973) (there is no constitutional mandate that a habeas

petitioner must be provided a free copy of the state-court criminal trial record where his counsel

had the trial record).  That notwithstanding, Petitioner is reminded that it is not necessary for him

to provide page citations in support of his claims.

SIGNED May 31, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Dallas County docket sheets are available at http://courtecom.dallascounty.org/pav/.
Texas Court of Criminal Appeals docket sheets are available at
http://www.search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE